# Wettengel, Appellant, *v.* Allegheny County Light Company.

*Electric light companies—Right to extend wires over street—Equity—Injunction—Corporation.*

1. An electric light company has by virtue of its charter privilege and municipal consent the right to extend its wires across a street, and any interference with the safe and convenient use of its wires is an encroachment upon a public right that is paramount to any right in the abutting owners to extend wires over the same street.

2. Where a wire maintained by an individual in a street interferes with and endangers the wires of an electric light company engaged in furnishing electric light to the public the individual will be enjoined from maintaining the wire.

Argued Oct. 20, 1908. Appeal, No. 62, Oct. T., 1908, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., April T., 1906, No. 1,252, on bill in equity in case of William F. Wettengel and Frank L. Wettengel, trading as Wettengel Brothers, v. Allegheny County Light Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

SHAFER, J., filed the following opinion.

This bill is for an injunction to restrain the defendants from cutting and destroying a wire stretched across a street in the nineteenth ward of the city of Pittsburg by the plaintiffs, for the purpose of conducting electricity. A cross bill was thereupon filed by the defendants, praying for an injunction to restrain the plaintiffs in the original bill from maintaining any wires on any highways of the city of Pittsburg, above, below or near the wires of the light company, and to require the removal of wires already put up.

### FINDINGS OF FACT.

1. The Allegheny County Light Company, the defendant, is a corporation of the state of Pennsylvania engaged in manu-

facturing and supplying electricity to the public, and is authorized by law to maintain poles and wires upon the public highways.

2. By an ordinance of the city of Pittsburg passed in the year 1881 the defendant company is authorized to erect and maintain poles and wires for the purpose of supplying electricity to the public, on any of the streets, lanes and alleys of the city of.Pittsburg.

3. The plaintiffs in the original bill are the owners of a small plant for producing light by means of electricity. Before the time of the grievances complained of in the bill they had obtained the permission of the respective owners of the properties on opposite sides of Kirkwood street in the nineteenth ward of the city of Pittsburg, to stretch a wire directly across the street between these two opposite properties, attached to the houses on each side of the street, for the purpose of conveying electricity to persons residing on the other side of Kirkwood street from their electric plant, and in pursuance of this permission and license they had stretched such a wire and were using it for the conveyance of electricity. The wire was at such a height above the ground that it could not interfere with any use of the street for vehicles.

4. The defendant company had a wire or wires strung longitudinally on Kirkwood street, whether put up before or after the wire of the complainants does not seem to be material. The defendant company on one or more occasions cut the wire maintained across the street by complainants, and this bill was filed to prevent a threatened cutting of the wire by the defendant company, which thereupon filed its cross bill for the removal of the wire as a nuisance.

5. The defendant company has two wires, as we understand it, on Kirkwood street, running along one side of the street, at a considerable distance one above the other, and the wire of the complainants passes across the street between them as above stated, so that one wire of the light company is above and the other is below that of the complainants. It is claimed by the light company that there is danger to the public and to those who use the electric light from the possible sagging or breaking

of any of these wires so as to bring them into contact. We find the fact to be that if the upper wire of the light company should fall on that of the plaintiffs, or if that of the plaintiffs should fall on the lower wire of the light company, some damage would be done to the light company's wires by the contact, and there would be great danger to the persons using the electricity supplied by either party, and that the maintenance of the wire across the street by the plaintiffs interferes in some measure with the use of the street by the light company for the purpose of conducting electricity, and requires of it a closer inspection of its wires than would otherwise be sufficient, and therefore an additional expense.

### CONCLUSIONS OF LAW.

1. A wire stretched across the street by the two opposite owners or by their licensee is not necessarily a nuisance, but may be or become such according to circumstances. The owners of the opposite lots are presumed to own each to the middle of the street, and may each use the street for any purpose that does not interfere with the public user. Their use, however, must be completely subordinate to that of the public. While the wire complained of in this case has not been shown to interfere with the ordinary use of the street by the public, it does interfere in some measure, as has been found, with the use of the street by the light company, which is a public user. The user by the light company is concurrent with that of the public who use the street for passage of vehicles and foot passengers and with other electric and telegraph companies who may have a right similar to their own to use the street. It is not, however, concurrent with, but is superior to, that of the owners of the soil over which the street passes, and if the user attempted to be made by those owners interferes in any degree with a public user it will constitute a nuisance.

2. To constitute an interference with the public user of the street by the light company, it is not necessary that the wire complained of should be in contact with those of the light company or physically obstruct the wires or poles of that company. We are of opinion that if its existence endangers wires of the

light company to any appreciable extent, it must be deemed to be a nuisance.

3. The light company being specially injured by the maintenance of the wire of the complainants, being in fact the only party who is injured thereby, has standing to maintain the bill for its removal.

It is therefore ordered that the bill of the complainants be dismissed, and that upon the cross bill of the defendants the complainants in the original bill be enjoined from maintaining the wire in question described in the bill, and that the defendants in the cross bill be ordered and directed to remove the wire in question within ten days after the entry of a final decree in this case.

*Error assigned* was decree awarding an injunction on the cross bill.

*W. S. Miller*, for appellants, cited: People's Nat. Gas Co. v. Pittsburg, 1 Pa. C. C. Rep. 311; American Union Telegraph Co. v. Town of Harrison, 31 N. J. Eq. 627; Wandsworth Board of Works v. United Telegraph Co., L. R. 13 Q. B. Div. 904; Finchley Elec. Light Co. v. Finchley Urban Dist. Council, 1 Chancery L. R. (1903) 437; Brigantine Borough v. Holland Trust Co., 37 Atl. Repr. 438; Coal Co. v. Mellon, 152 Pa. 286; Brown v. Radnor Twp. Electric Light Co., 208 Pa. 453; Wees v. Ry. Co., 54 W. Va. 421; R. R. Co. v. Prudden, 20 N. J. Eq. 530.

*David A. Reed*, of *Reed, Smith, Shaw & Beal*, with him *Wm. M. Robinson*, for appellee, cited: Fitzgerald v. Illuminating Co., 200 Pa. 540; Daltry v. Light, Heat & Power Co., 208 Pa. 403; Alexander v. Light Co., 209 Pa. 571; Crowe v. Light Co., 206 Pa. 374; Ry. & Illuminating Co. v. Foulds, 81 Ill. App. 322; Electric Co. v. Lawrence, 73 Pac. Repr. 39.

OPINION BY MR. JUSTICE FELL, January 4, 1909:

The findings of fact and the conclusions of law, clearly and concisely stated by the learned judge of the common pleas, fully sustain the order dismissing the original bill and the decree en-

tered on the cross bill.  It is to be observed that the decree asked for by the cross bill is broader than the decree entered. The prayer of the bill is that the defendants be forever enjoined from constructing or maintaining any wires upon the highways of the city of Pittsburg, above or below or among any of the wires of the plaintiff.  The decree made enjoins the defendants in the cross bill from maintaining the wire described in the findings of fact, and directs the removal of the same.  The wire described in the findings of fact is one that passes across the street near the plaintiff's wires, the maintenance of which interferes in some measure with the use of the street by the plaintiff, endangers the lives of its customers, imperils its property, and entails an additional expense for inspection.  The right to maintain the wire in this place, and incidentally any wire in any place where it would interfere with the use of the street by the plaintiff or endanger its property or entail upon it additional expense, was the right adjudicated.

This was as far as the decree could properly go and, with this understanding of it, we affirm it.  The plaintiff's right was based on a public use of the street by virtue of charter privilege and municipal consent, and any interference with the safe and convenient use of its wires was an encroachment upon a public right that was paramount to any right in the abutting owners. Its standing in equity to maintain its bill was that it sustained a material and specific injury different in kind from that sustained by the public at large.  The broader question of the right of the defendant to maintain a wire across the street where it would neither interfere with nor endanger the public use of the street, if this is practicable, was not involved in the proceeding.

The decree is affirmed at the cost of the appellants.